Citation Nr: 1730433 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 09-14 205 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to service connection for degenerative disc disease C6-7 (also claimed as joint pain, neck). 

2. Entitlement to service connection for left wrist sprain (also claimed as left wrist).

3. Entitlement to service connection for joint pain, right hand, to include as secondary to a neck disability. 

4. Entitlement to service connection for joint pain, left hand, to include as secondary to a neck disability.

5. Entitlement to service connection for joint pain, right hip. 

6. Entitlement to service connection for joint pain, left hip. 

7. Entitlement to service connection for right wrist sprain.

8. Entitlement to service connection for joint pain.

9. Entitlement to an initial compensable evaluation for right knee chondromalacia prior to November 5, 2015, and in excess of 10 percent from that date. 

10. Entitlement to an initial compensable evaluation for left knee chondromalacia prior to November 5, 2015, and in excess of 10 percent from that date.

11. Entitlement to an initial compensable evaluation for left ring finger sprain. 

12. Entitlement to an initial compensable evaluation for left ankle sprain. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Davitian, Counsel







INTRODUCTION

The Veteran served on active duty from August 1989 to August 1995.

This case is before the Board of Veterans' Appeals (BVA or Board) on appeal from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. The rating decision granted service connection for right knee patellar bursitis, left knee strain, left ring finger sprain and left ankle sprain and assigned each a noncompensable evaluation. The rating decision denied service connection for the remaining disabilities listed on the title page of this decision. 

A March 2016 rating decision recharacterized each of the Veteran's knee disabilities as chondromalacia, and assigned each a 10 percent evaluation, effective November 5, 2015. 

The Board remanded the issues on appeal in August 2016. A January 2017 rating decision granted service connection for allergic rhinitis, dysmenorrhea with cervix pain, genital condyloma, and cervical dysplasia, status-post colposcopy and cryosurgery. The Veteran has not submitted a notice of disagreement with this rating decision. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A review of the Veteran's eFolders indicates that some VA correspondence mailed to the Veteran has been returned as undeliverable. As a result, the Veteran has not received important VA documents. 

A February 2017 VA Report of General Information shows that the Veteran called and requested a copy of a January 30, 2017, supplemental statement of the case (SSOC). She explained that she had moved, and provided a Tucson, Arizona, address other than the Tucson address to which the SSOC had been sent originally. The RO resent a copy of the SSOC to the new address. However, the correspondence was returned as undelivered later that month. There is no evidence in the eFolders that the Veteran was ever resent a copy of the SSOC at any address, and it therefore appears that she has not received a copy of it. 

On April 18, 2017, the Board used a Tucson address to send the Veteran a notice letter informing her that her case had been returned to the Board, and explaining her rights to request a change in representation, or submit additional argument or evidence. The Board's correspondence was returned undelivered in May 2017. 

A May 2017 VA Report of General Information shows that the Veteran requested a copy of a Board's April 2017 letter. A copy was sent to the Veteran's address, which was listed as being in Michigan. However, there is no evidence in the eFolders that the Veteran was ever resent a copy of the Board's April 2017 letter, and it therefore appears that she has not received a copy of it.

The Board also observes that its August 2016 remand noted that during a May 2016 hearing before the undersigned Veterans Law Judge, the Veteran testified that she was to undergo neck surgery in one month. At the time of the remand, the Veteran's eFolders did not contain any corresponding medical records. The Board requested that the AOJ obtain and associate with the Veteran's eFolders copies of all outstanding VA medical records, to include those showing recent neck surgery.

VA treatment records obtained pursuant to the Board's remand show that the Veteran underwent VA-approved private surgery of the cervical spine in June 2016 by Dr. Eric P. Sipos. The eFolders do not reflect any efforts to obtain the records of the surgery. The proper adjudication of the Veteran's claim requires VA to obtain records of this surgery. 38 U.S.C.A. §§ 5103, 5103A (West 2015); 38 C.F.R. § 3.159 (2016).

Since the issues on appeal are being remanded for development, the Veteran's eFolders should be updated to include any outstanding VA treatment records. See 38 C.F.R. § 3.159 (c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Take all appropriate action, to include contacting the Veteran's accredited representative, to verify the Veteran's correct address. Consider the May 2017 Report of General Information. 

2. Using the verified address following completion of the above, resend copies of the January 30, 2017, SSOC and the Board's April 18, 2007, notice letter, as well as any other VA correspondence to the Veteran that she did not receive. 

3. Obtain and associate with the Veteran's eFolders copies of all outstanding VA medical records. 

4. After obtaining any necessary authorization and information from the Veteran (again, only after verifying her correct address), obtain and associate with the Veteran's eFolders all outstanding treatment records from Dr. Eric P. Sipos, including all records related to the June 2016 cervical spine surgery. 

5. Then, readjudicate the Veteran's claims. If any of the benefits sought on appeal remain denied, the Veteran and her representative should be provided an SSOC and afforded an opportunity to respond. The case should be returned to the Board for appellate review.
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).